IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID MCLERRAN, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Case No. 4:12cv718 |
| | § | |
| FLAGSTAR BANK, FSB | § | |
|     Defendant | § | |

### MEMORANDUM OPINION AND ORDER OF
### UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant Flagstar Bank FSB's Rule 12(b)(6) Motion to Dismiss (Dkt. 4). As set forth below, the Court finds that the motion should be GRANTED.

#### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This suit involves an attempted foreclosure on Property located at 2113 Peacock Lane, Corinth, Texas (the "Property"). Plaintiff alleges that he purchased the Property in 2008, and the original lender was MLP Financial Services, LLP.

According to Plaintiff, a September 25, 2012 Assignment of the Deed of Trust to Defendant Flagstar is invalid because the individual signing the document on behalf of MERS "did not have personal knowledge of the events and conditions documented in the assignment ", "was not vested with the authority by MERS to assign the mortgage to Defendant Flagstar", and "did not have the legal capacity to assign the mortgage." Dkt. 3 at ¶7. Plaintiff alleges that these issues with the assignment constitute clouds on the title of the Property. Dkt. 3 at ¶8.

1

Plaintiff's original state court petition, the live pleading in this removed action, is a suit to quiet title. *See* Dkt. 3. Plaintiff also seeks a temporary restraining order and permanent injunctive relief.

Defendant has filed a motion to dismiss, seeking to dismiss Plaintiff's claims. Defendant makes the following arguments: Plaintiff's quiet-title claim fails because Plaintiff fails to sufficiently plead facts to support his quiet-title claim; Plaintiff's quiet-title claim fails because Plaintiff admits the Deed of Trust Lien is superior to Plaintiff's interest in the Property; Plaintiff lacks standing to challenge the Assignment; Plaintiff's default on his Mortgage Loan precludes Plaintiff from stating a plausible quiet-title claim; Plaintiff's quiet-title claim fails because MERS has authority to assign the Deed of Trust; the Home Owners' Loan Act preempts Plaintiff's quiet-title claim; and Plaintiff's request for injunctive relief cannot save his lawsuit from dismissal. Plaintiff has filed a response in opposition.

### STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary

2

support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

In this case, Plaintiff challenges Defendant's authority to foreclose on the Property and brings a single claim seeking to quiet title. "[A] suit to quiet title "is an equitable action that involves *clearing* a title of an invalid charge against the title.'" *Cruz v. CitiMortgage, Inc*., 2012 WL 1836095, 4 (N.D. Tex. 2012) (citing *Longoria v. Lasater,* 292 S.W.3d 156, 165 n. 7 (Tex. App.– San Antonio 2009, pet denied) (quoting *A.I. C. Mgt. v. Crews,* 2005 WL 267667, at *3 n. 8 (Tex. App.– Houston [1st Dist.] 2005), *rev'd on other grounds,* 246 S.W.3d 640 (Tex. 2008)) (emphasis in

3

original)). In order to succeed on his quiet title action, Plaintiff must show that: (1) he has an interest in the Property, (2) title to the Property is affected by a claim by Defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *See Cruz*, 2012 WL 1836095 at *4 (*citing Sadler v. Duvall*, 815 S.W.2d 285, 293 n. 2 (Tex. App. – Texarkana 1991, writ denied)); *U.S. Nat. Bank Ass'n v. Johnson*, 2011 WL 6938507, *3 (Tex. App.– Houston [1st Dist.] 2011, no pet.). In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied). Indeed, Texas courts have made a plaintiff's burden in a suit to quiet title very clear:

> In a suit to remove a cloud from his title, the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief. That is, the plaintiff must prove, as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove.

*Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1 Dist.] 2009, pet. denied) (internal citations omitted). *See also Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title.").

The Court agrees with Defendant that Plaintiff has failed to state facts that would show how he has superior title and right of ownership. Plaintiff has challenged the assignment of the mortgage to Defendant on various grounds. Courts in this Circuit have routinely rejected borrowers' challenges to the assignment of a note or deed of trust. *See Martins v. BAC Home Loans Serv., L.P.*,

2013 WL 1777487, 2 (5th Cir. 2013) ("Numerous district courts have addressed this question, and each one to analyze Texas law has concluded that Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable."); *Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App. – Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. 2010); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. 2011); *DeFranchesci v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. 2011). Here, there are insufficient facts alleged that would show that Defendant lacks authority to foreclose.

Indeed, Plaintiff has attached a September 25, 2012 "Assignment of Deed of Trust" which reads:

> That MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ACTING SOLELY AS NOMINEE FOR MLP FINANCIAL SERVICES, LLC... does SELL, ASSIGN, TRANSFER and CONVEY unto Assignee that certain Deed of Trust executed by DAVID MCLERRAN and with, KRISTIE MCLERRAN dated April 16, 2008 ...

Dkt. 3 at 13.

Courts have consistently held that a borrower does not have standing to challenge assignment from MERS to which the borrower was a non-party. *Adams v. Bank of America, N.A.*, 2011 WL 5080217, at *4 (E.D. Tex. 2011); *Defranceschi v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *5 (N.D. Tex. 2011); *McAllister v. BAC Home Loans Servicing, LP*, 2011 WL 2200672, *5 (E.D. Tex. 2011); *Eskridge v. Fed. Hom Loan Mortgage Corp.*, 2011 WL 2163989 (W.D. Tex. 2011)

5

*Schieroni v. Deutsche Bank National Trust Company*, 2011 WL 3652194 (S.D. Tex. 2011).

Courts in Texas have also repeatedly recognized that Texas law allows either a mortgagee or a mortgage servicer to administer a deed of trust foreclosure without production of the original note. *Adams v. Bank of America*, 2011 WL 5080217, 5 (E.D. Tex. 2011) (*citing Wells v. BAC Home Loans Servicing, L.P.,* 2011 WL 2163987, at *3 (W.D. Tex. 2011); *Coleman v. Bank of America, N.A.,* 2011 WL 2516169, at *2 (N.D. Tex. 2011); *Dillard v. Mortg. Elec. Registration Sys., Inc.,* No. 3–10–CV–0091–N, slip op. at 4 n. 1 (N.D. Tex. Apr. 16, 2010), appeal dism'd, No. 11–10069 (5th Cir. Apr. 21, 2011); *Sawyer,* 2010 WL 996768, at *3 (N.D. Tex. 2010); *Athey v. Mortgage Elec. Registration Sys., Inc.,* 314 S.W.3d 161, 165–66 (Tex. App. – Eastland 2010, pet. denied); TEX. PROP. CODE § 51.002(a)-(h) (setting forth requirements for non-judicial foreclosure in Texas, which do not include producing original note). Therefore, Plaintiff's claims do not constitute a justiciable controversy.

Importantly, no facts are alleged in Plaintiff's complaint that Plaintiff is current on his loan payments and not in default such that Plaintiff would have an interest in the Property superior to any lien holder seeking to foreclose. As the Court has already noted, "[a] plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title." *See also Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.). Without specifying how he has superior title, Plaintiff has stated insufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. As such, his quiet title action

should be dismissed. *See Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, 4 (N.D. Tex. 2012).[1]

Because he has not stated a quiet title action, he cannot show a likelihood of success on the merits required for any claim of injunctive relief. *See Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009).

Therefore, Defendant Flagstar Bank FSB's Rule 12(b)(6) Motion to Dismiss (Dkt. 4) is GRANTED, and Plaintiff's claims are dismissed for failure to state a claim.

**SO ORDERED.**

**SIGNED this 7th day of June, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[1] "Plaintiffs, however, do not allege that they were current on their mortgage loan payments at the time of the nonjudicial foreclosure sale of the property in July 2011. Moreover, Plaintiffs' contention that the assignment to CitiMortgage is invalid is based on standing and a split-the-note theories already rejected by the court. Thus, Plaintiffs have not alleged facts, which if proven, would establish their superior title or the alleged invalidity of CitiMortgage's title. Plaintiffs have therefore failed to state a claim for trespass to try and quiet title upon which relief can be granted."